FILED

2017 JUN 26 PM 4:25

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY___

Daryll Van Snowden

vansnowden@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CV17-4711-DSF (JC)**

| | |
|---|---|
| DARYLL VAN SNOWDEN, | )CASE NO.: |
| | ) |
| Plaintiff, | )COMPLAINT FOR DAMAGES PURSUANT |
| | )TO: |
| vs. | ) |
| | )BIVENS V. SIX UNKNOWN NAMED |
| STEPHEN A. CAZARES,ELLYN MARCUS | )AGENTS, 403 U.S. 388 (1971) |
| | ) |
| LINDSAY and ADAM STORER | )BUCKLEY V. FITZSIMMONS, 113 S. |
| | )CT.2606 (1993) |
| Defendants, | ) |
| | )LEE V. CITY OF LOS ANGELES, 250 |
| | )F.3D 668, 685 (9TH CIR. 2001) |
| | ) |
| | )DEVEREAUX V. ABBEY, 263 F.3D |
| | )1070, 1074-75 (9TH CIR. 2001) |
| | ) |

DEMAND FOR JURY TRIAL

## I. JURISDICTION

1. This court has jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to: 18 U.S.C.§ 3332(a); BIVENS v. SIX UNKNOWN FED. NARCOTICS AGENTS, 403 U.S. 388 (1971); BUCKLEY v. FITZSIMMONS, 113 S. CT. 2606 (1993); SERRA V. LAPPIN, 600 F.3D 1191, 1200 (9TH CIR. 2010); LEE V. CITY OF LOS ANGELES, 250 F.3D 668, 685 (9TH CIR. 2001); DEVEREAUX V. ABBEY, 263 F.3D

- 1 -

1070, 1074-75 (9TH CIR. 2001); FREEMAN V. CITY OF SANTA ANA, 68 F.3D 1180, 1189 (9TH CIR. 1995); IN RE GRAND JURY APPLICATION, 617 F.Supp. 199 (1985)

## II. VENUE

2. Venue is proper pursuant to 28 U.S.C § 1391 because the events giving rise to this complaint happened in this district.

## III. PARTIES

3. Plaintiff (Daryll Van Snowden) vansnowden@gmail.com

DEFENDANTS ARE SUED IN THEIR INDIVIDUAL CAPACITIES.

4. Defendant (Stephen A. Cazares) is currently employed as an Assistant United States Attorney that Fabricates false evidence before probable cause to arrest exist and follows up with defamation and false statements to the media, bad faith suppression of exculpatory evidence, knowing use of Perjury, witness coercion, presenting false evidence, blatantly lying about the law to grand juries , and submitting maliciously fictitious jury instructions at trail. He operates out of 312 North Spring Street, Suite 1200, Los Angeles, California 90012

6. Defendant (Ellyn Marcus Lindsay) was employed as an Assistant United States Attorney that Fabricated false evidence before probable cause to arrest existed and followed up with bad faith suppression of exculpatory evidence, knowing use of Perjury,

witness coercion, and presenting false evidence She operated out of 312 North Spring Street, Suite 1200, Los Angeles, California 90012

8. Defendant (Adam Storer) is currently employed as an FBI agent that Fabricates false evidence before probable cause to arrest exist and follows up with destruction of exculpatory evidence, Perjury, witness coercion and defamation to clients He operates out of 11000 Wilshire Blvd, Suit 1700 Los Angeles, CA 90024

## IV. GENERAL ALLEGATIONS

9. Defendants Adam Storer, Stephen A. Cazares, and Ellyn Marcus Lindsay have verifiable proven track records of selecting victims based on race not probable cause, then fabricating false evidence against them.

10. Defendant Ellyn Marcus Lindsay is well publicized in the 9th circuit, having convictions overturned for obstructing justice; as well as in the media including Forbs for fabricating Evidence against innocent USA and Canadian citizens

11. Defendants Adam Storer, Stephen A. Cazares, and Ellyn Marcus Lindsay first redundantly exonerated Victim plaintiff Daryll

- 3 -

Van Snowden through rigorous investigation before fabricating material evidence against him.

12. At all times relevant to this complaint Defendants Adam Storer, Stephen A. Cazares, and Ellyn Marcus Lindsay acted with racial animus towards victim plaintiff DVS not probable cause to believe that he committed crimes against the USA.

13. 100% of all evidence presented to the Grand Jury in case no. CR-11-0543-JFW that implicated victim plaintiff DVS in any crimes against the USA was manufactured by defendants Adam Storer, Stephen A. Cazares, and Ellyn Marcus Lindsay.

## V. CAUSES OF ACTION AFTER AQUITTAL

### CLAIM I

### VIOLATION OF 4TH AMENDMENT: UNLAWFUL ARREST, AND CONFINEMENT

14. Plaintiff realleges each of the above paragraphs as though fully set forth herein.

### ADAM STORER

15. Defendant ADAM STORER, FBI, conducted a 24 month exhaustive investigation of victim plaintiff DVS that redundantly

- 4 -

and conclusively proved DVS' uninvolvement in any crimes against the USA, its states, or local governments.

16. Acting with racial animus towards victim plaintiff DVS devoid of any belief that he committed a crime.

17. On or about April 20, 2010 at 11000 Wilshire Blvd, suite 1700 Los Angeles, CA 90024. Defendant ADAM STORER:

18. With the actual investor statements in hand stating that DVS was innocent and provided them with extensive risk disclosures, falsified that DVS investors had been promised 300% - 1,000% returns.

19. with the actual pay documents in hand showing a 13% consultation fee, falsified that DVS had received a 20% - 35% commission.

20. With the actual published budget documents in hand showing a minimum of 20% in deductions, falsified that they were only 7%

21. With the actual witness statements in hand, stating that DVS was not permitted to mail out materials nor access the mail, falsified that DVS mailed out materials to investors.

22. With the actual witness statements in hand, stating that David Healy sold 100% of the Redwater 2012 securities 60 miles away from, and never met, spoke to, or used victim plaintiff DVS as an agent or go-between; the actual securities issued by Redwater 2012 signed by David Healy as the seller. Fabricated that victim plaintiff DVS finalized the sale of Red Water 2012 securities.

23. Destroyed and or concealed the digital recording of the interview / interrogation of victim plaintiff DVS then replaced them with fabricated statements.

24. Destroyed and or concealed the one page anti-telemarketing fraud compliance document signed and initialed eight times by witness Videsh Deshmukh

25. Fabricated that victim plaintiff DVS made material misrepresentations, told material half-truths, and concealed material facts when speaking to investors.

26. On or about June 15, 2011, at 312 North Spring Street, Los Angeles, California 90012. Defendant Adam Storer presented all of his above fabricated false evidence to an impaneled federal grand jury while concealing 100% of the exonerating evidence. The Grand Jury returned an Indictment Against DVS for mail fraud, sales of unregistered securities, and conspiracy exposing DVS to 27 years in federal prison (5 years past life expectancy).

27. On July 11, 2011 When victim plaintiff DVS arrived at a self-surrender hearing he was ordered held without bail and housed in solitary confinement. The pretrial false imprisonment was horrible, he was denied dental care, the effects of the ordeal on his health are grave, he aged rapidly, graying, his eyes sank, his nerves where shot. He suffered anxiety attacks, mental anguish, and humiliation for months while he was made to fear 27 years in prison, rape, and constant violence knowing that racist prosecutors and FBI agents were fabricating evidence and lying. He was destroyed financially. Lost his place of residence and all his belongings while he fought this racially motivated bogus case.

**STEPHEN A. CAZARES**

28. Defendant STEPHEN A. CAZARES, DOJ, received evidence from the FBI that had conducted a 24 month exhaustive investigation of

victim plaintiff DVS that redundantly and conclusively proved DVS' uninvolvement in any crimes against the USA, its states, or local governments.

29. Acting with racial animus towards victim plaintiff DVS devoid of any belief that he committed a crime.

30. On or about April 20, 2010 at 312 North Spring Street, Suite 1200, Los Angeles, California 90012. Defendant STEPHEN A. CAZARES:

31. With the actual (FBI) investor statements in hand stating that DVS was innocent and provided them with extensive risk disclosures, falsified that DVS investors had been promised 300% - 1,000% returns.

32. With the actual (FBI) pay documents in hand showing a 13% consultation fee, falsified that DVS had received a 20% - 35% commission.

33. With the actual (FBI) published budget documents in hand showing a minimum of 20% in deductions, falsified that deductions were only 7%

34. With the actual (FBI) witness statements in hand, stating that DVS was not permitted to mail out materials nor access the mail, falsified that DVS mailed out materials to investors.

35. With the actual (FBI) witness statements in hand, stating that David Healy sold 100% of the Redwater 2012 securities 60 miles away from, and never met, spoke to, or used victim plaintiff DVS as an agent or go-between; the actual security issued by Redwater 2012 confirming proof positive that the seller was David Healy. Then fabricated that victim plaintiff DVS finalized the sale of Red Water 2012 securities.

36. Destroyed and or concealed the digital recording of the (FBI) interview / interrogation of victim plaintiff DVS.

37. Destroyed and or concealed the (FBI) one page anti-telemarketing fraud compliance document signed and initialed eight times by witness Videsh Deshmukh

38. Fabricated that victim plaintiff DVS made material misrepresentations, told material half-truths, and concealed material facts when speaking to investors.

- 9 -

39. On or about June 15, 2011, at 312 North Spring Street, Los Angeles, California 90012. Defendant STEPHEN A. CAZARES presented all of his above fabricated false evidence to an impaneled federal grand jury while concealing 100% of the exonerating evidence. The Grand Jury returned an Indictment Against DVS for mail fraud, sales of unregistered securities, and conspiracy exposing DVS to 27 years in federal prison (5 years past life expectancy).

40. On July 11, 2011, When victim plaintiff DVS arrived at a self-surrender hearing he was ordered held without bail and housed in solitary confinement…

**ELLYN MARCUS LINDSAY**

41. Defendant ELLYN MARCUS LINDSAY, DOJ, received evidence from the FBI that had conducted a 24 month exhaustive investigation of victim plaintiff DVS that redundantly and conclusively proved DVS' uninvolvement in any crimes against the USA, its states, or local governments.

42. Acting with racial animus towards victim plaintiff DVS devoid of any belief that he committed a crime.

43. On or about April 20, 2010 at 312 North Spring Street, Suite 1200, Los Angeles, California 90012. Defendant ELLYN MARCUS LINDSAY:

44. With the actual (FBI) investor statements in hand stating that DVS was innocent and provided them with extensive risk disclosures, falsified that DVS investors had been promised 300% - 1,000% returns.

45. With the actual (FBI) pay documents in hand showing a 13% consultation fee, falsified that DVS had received a 20% - 35% commission.

46. With the actual (FBI) published budget documents in hand showing a minimum of 20% in deductions, falsified that deductions were only 7%

47. With the actual (FBI) witness statements in hand, stating that DVS was not permitted to mail out materials nor access the mail, falsified that DVS mailed out materials to investors.

48. With the actual (FBI) witness statements in hand, stating that David Healy sold 100% of the Redwater 2012 securities

60 miles away from, and never met, spoke to, or used victim plaintiff DVS as an agent or go-between; the actual security issued by Redwater 2012 confirming proof positive that the seller was David Healy. Then fabricated that victim plaintiff DVS finalized the sale of Red Water 2012 securities.

49. Destroyed and or concealed the digital recording of the (FBI) interview / interrogation of victim plaintiff DVS.

50. Destroyed and or concealed the (FBI) one page anti-telemarketing fraud compliance document signed and initialed eight times by witness Videsh Deshmukh

51. Fabricated that victim plaintiff DVS made material misrepresentations, told material half-truths, and concealed material facts when speaking to investors.

52. On or about June 15, 2011, at 312 North Spring Street, Los Angeles, California 90012. Defendant ELLYN MARCUS LINDSAY presented all of her above fabricated false evidence to an impaneled federal grand jury while concealing 100% of the exonerating evidence. The Grand Jury returned an Indictment Against DVS for mail fraud, sales of unregistered securities, and conspiracy exposing DVS to 27 years in federal prison (5 years past life expectancy).

53. On July 11, 2011, When victim plaintiff DVS arrived at a self-surrender hearing Defendant ELLYN MARCUS LINDSAY falsified to a federal magistrate under color of law that victim plaintiff DVS was on parole, and was fleeing from that parole so that victim plaintiff DVS would be held without bail in solitary confinement…

54. By doing the acts described above in Paragraphs 15 through 53, Defendants caused and/or permitted the violation of Plaintiffs Fourth Amendment right to be free from false arrest and false imprisonment thereby entitling Plaintiff to recover damages pursuant to BIVENS v. SIX UNKNOWN FED. NARCOTICS AGENTS, 403 U.S. 388 (1971); BUCKLEY v. FITZSIMMONS, 113 S. CT. 2606 (1993); SERRA V. LAPPIN, 600 F.3D 1191, 1200 (9TH CIR. 2010); LEE V. CITY OF LOS ANGELES, 250 F.3D 668, 685 (9TH CIR. 2001); DEVEREAUX V. ABBEY, 263 F.3D 1070, 1074-75 (9TH CIR. 2001); FREEMAN V. CITY OF SANTA ANA, 68 F.3D 1180, 1189 (9TH CIR. 1995)

## CLAIM II

**(VIOLATION OF CIVIL RIGHT: DUE PROCESS FOR MALICIOUS PROSECUTION)**

**(5TH AMENDMENT)**

55. As against Defendants: Stephen A. Cazares, Ellyn Marcus Lindsay, And Adam Storer Plaintiff realleges paragraphs 1 through 53.

- 13 -

56. By doing the acts described above in Paragraphs 15 through 53, Defendants caused and/or permitted the violation of Plaintiffs Fifth Amendment right to due process and to be free from malicious prosecution thereby entitling Plaintiff to recover damages pursuant to BIVENS v. SIX UNKNOWN FED. NARCOTICS AGENTS, 403 U.S. 388 (1971); BUCKLEY v. FITZSIMMONS, 113 S. CT. 2606 (1993); SERRA V. LAPPIN, 600 F.3D 1191, 1200 (9TH CIR. 2010); LEE V. CITY OF LOS ANGELES, 250 F.3D 668, 685 (9TH CIR. 2001); DEVEREAUX V. ABBEY, 263 F.3D 1070, 1074-75 (9TH CIR. 2001); FREEMAN V. CITY OF SANTA ANA, 68 F.3D 1180, 1189 (9TH CIR. 1995)

## CLAIM III

### (VIOLATION OF CIVIL RIGHT: DUE PROCESS FOR DEFAMATION PLUS)

### (5TH AMENDMENT)

As against Defendant: Stephen A. Cazares

57. Beginning in June of 2011 defendant Stephen A. Cazares outside the court room made knowingly false, slanderous, malicious press releases to the media which included:

"…FBI agents are looking for a twelfth suspect, Daryl Van Snowden, of Chatsworth, CA, who, like Nelson, is identified in the indictment as a telemarketing closer and is a fugitive, **Cazares** said…" http://patch.com/california/eaglerock/eagle-rock-resident-11-others-at-center-of-indie-film-scam.

- 14 -

"…By way of fraudulent pitches and false promises… The targets of this scam were the elderly according to Assistant U.S. Attorney **Stephen Cazares,** because "they are at home and they pick up the phone." …According to **Cazares,** "The misrepresentations were enticing. Part of the attraction was the aura of movie-making and Hollywood." http://www.marklitwak.com/blog/eighteen-people-indicted-for-25-million-dollar-indie-film-scam

"…The telemarketers promised returns up to 1000 percent and worked out of what **Cazares** described as typical boiler-room set ups…" http://www.courthousenews.com/2011/06/17/37485.htm

"...According to Assistant United States Attorney **Stephen Cazares,** the alleged fraud took place in southern California… The investors were promised returns "up to 1000 percent," as well as film credits…it is charged that telemarketers falsely promised that 93% of the money raised would go into production and promotion, but that more than a third of the money ended up in the pockets of the telemarketers. **Cazares** says the "heart of the case was the failure to·disclose commissions or the true use of the money." http://www.hollywoodreporter.com/thr-esq/prosecutors-say-telemarketers-duped-old-203303

- 15 -

"…Daryll Van Snowden, 40, West Hollywood, CA, a closer, was being sought by authorities at the time the Indictment was filed… **Guilty Pleas** By March 2012 all but one..."

http://www.forbes.com/sites/billsinger/2012/03/09/from-mexico-with-love-comes-cia-dolphin-spy-flix/#431acbf03879

58. Defendant Stephen A. Cazares knew the statements he was making to the media were false as he had in his possession for over a year: investor statements claiming DVS was innocent, investors' signed extensive Risk Disclosures, investors' signed anti-telemarketing fraud compliance documents, investors' high risk investment backgrounds, forensic payment documents showing a "consultation fee" of 7.5% to 17.5% (not 33%+ commissions), the actual 20% (not 7%) in published expenditures, the 55 yr. average age of investors (not elderly).

59. Cazares also knew victim plaintiff DVS was not a fugitive as DVS, any relative, landlord, or employer had been notified of a warrant.

60. By falsifying to the media in June, 2011 that DVS was a fugitive. Concealing that DVS was ordered held without bail at a self surrender hearing until acquitted pro se in a speedy trial. Then in March, 2012 broadcasting to the media all who pled guilty. Defendant Cazares duped the media in to running articles claiming

- 16 -

the only defendant not convicted (DVS) was a fugitive.

61. Defendant Stephen A. Cazares made the above knowingly false, slanderous, malicious press releases in connection with and after knowingly and willingly securing an Indictment with fabricated false evidence against victim plaintiff DVS before probable cause to arrest existed.

62. As a direct result of the successive knowingly false, slanderous, and malicious press releases to the media made by defendant STEPHEN A. CAZARES and maintained on the websites of the FBI, LA Times etc. claiming that victim plaintiff DVS is a fugitive that targets the elderly for fraud. **Victim plaintiff DVS had a 17 million dollar contract cancelled for the production of Frankenstein 3D, was fired from two jobs and is repeatedly denied employment.**

63. Since employers and business people refuse to hire negro "fugitives" that "target the elderly for fraud"; it has resulted in the plaintiff losing his right in the state of California to be employed.

64. By doing the acts described above in Paragraphs 15 through 63, Defendant Stephen A. Cazares caused and/or permitted the violation of Plaintiffs Fifth Amendment right to due process and to be free from the loss of property without due process of law

- 17 -

thereby entitling Plaintiff to recover damages pursuant to BIVENS v. SIX UNKNOWN FED. NARCOTICS AGENTS,403 U.S. 388 (1971); BUCKLEY v. FITZSIMMONS, 113 S. CT. 2606 (1993); SERRA V. LAPPIN, 600 F.3D 1191, 1200 (9TH CIR. 2010); LEE V. CITY OF LOS ANGELES, 250 F.3D 668, 685 (9TH CIR. 2001); DEVEREAUX V. ABBEY, 263 F.3D 1070, 1074-75 (9TH CIR. 2001); FREEMAN V. CITY OF SANTA ANA, 68 F.3D 1180, 1189 (9TH CIR. 1995)

## VI.  IRREPARABLE INJURY

64. As a direct result of the malicious pretrial false imprisonment victim plaintiff DVS lost every single possession that he has worked for his entire existence as well as being fired.

65. As a direct result of the successive knowingly false, press releases to the media made by defendant STEPHEN A. CAZARES and maintained on the websites of the FBI, DOJ, LA Times etc. claiming that victim plaintiff DVS is a fugitive that targets the elderly for fraud. Victim plaintiff DVS had a 17 million dollar contract cancelled for the production of Frankenstein 3D, was fired from two jobs and is repeatedly denied employment.

66. The forced unemployment has resulted in chronic homelessness

67. The resulting chronic homelessness from the forced unemployment has directly caused Victim plaintiff DVS to be stabbed and robbed, beaten unconscious and robbed, deterioration of health, repeated arrest and incarcerations by LAPD for sleeping on public sidewalks and in parks. The constant threat of reoccurring robbery, assault, and arrest are real and present as employers and business people refuse to hire negro "fugitives" that "target the elderly for fraud" causing the plaintiff to require Emergency injunctive relief

## VII. REQUEST FOR RELIEF

WHEREFORE, the plaintiff requests:

68. Emergency injunctive relief:

That the Court order The Department Of Justice and The Federal Bureau of Investigations to make an immediate corrective press release and report on their websites  that plaintiff  Daryll Van Snowden was never a fugitive, was acquitted of all charges pro se, and is now suing the prosecutors and FBI agent that fabricated the case against him. As they both participated in the slander that cost the plaintiff his right in the state of California to be employed.

69. Compensatory damages in the amount of $76,000,000 USD

including general and special damages, according to proof;

70. Punitive damages in the amount of $2,400,000,000 USD

71. any and all attorney fees incurred in this action

72. Any further relief which the court may deem appropriate.

## VII. DEMAND FOR JURY TRIAL

73. Plaintiff hereby request a jury trial on all issues raised in this complaint.


DATED: June 17, 2017


_____
Daryll Van Snowden
In Pro Per

- 20 -